CSD 1171.2 (04/06/11)
Name, Address, Telephone No. & I.D. No.

Jennifer M. Urquizu, SBN 231134
Law Office of Jennifer Urquizu
42690 Rio Nedo, Suite F
Temecula, CA 92590
Telephone: (951) 296-5492

Order Entered on
November 09, 2011
by Clerk U.S. Bankruptcy Court
Southern District of California

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

DUKE MINH LE and BARBARA DUNG TRIEU-LE,

Debtor.

BANKRUPTCY NO. 11-10962-LA13

Date of Hearing: October 19, 2011
Time of Hearing: 1:00 p.m.
Name of Judge: James W. Meyers

## ORDER GRANTING DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID JUNIOR LIEN OF
Wells Fargo Bank, N.A.

*(Affected Lien Holder)*

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through __3__ with exhibits, if any, for a total of __3__ pages, is granted. Motion/Application Docket Entry No. __27__

//
//
//
//
//
//

DATED: November 08, 2011

Judge, United States Bankruptcy Court

CSD 1171.2

CSD 1171.2 [04/06/11] (Page 2)
ORDER GRANTING DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID JUNIOR LIEN OF _____Wells Fargo Bank, N.A._____
DEBTOR:                                                                                              CASE NO: 11-10962-LA13
_____DUKE MINH LE and BARBARA DUNG TRIEU LE_____

The Motion was filed in connection with confirmation of the Debtor's Chapter 13 Plan dated _____ ("Plan"), to value and avoid the junior deed of trust, mortgage or other encumbrance of Wells Fargo Bank, N.A. _____ ("Affected Lien Holder"), recorded on ___8/9/2004___ as instrument number ___2004-0751081___ in the official records of ___San Diego County___ ("Affected Lien") encumbering the real property commonly known as: 11671 Jocatal Court, San Diego, CA 92127

and more fully described as (Insert legal description or attach exhibit) APN 678-130-31 Lot 31 of Dorado Unit No. 1 in the City of San Diego, County of San Diego Map No. 8512 _____ ("Property").

Associated Claim:

☒ The Affected Lien Holder filed a proof of claim on ___7/27/2011___ assigned Claim No. ___5-1___, which is associated with the Affected Lien ("Claim"); or

☐ As of the date of this Order, Affected Lien Holder has not filed a proof of claim associated with the Affected Lien.

The Court having reviewed the Motion and supporting documents, finds that:

1. Service of the Motion on the Affected Lien Holder appears to comply with Fed. R. Bankr. P. 7004 because it was accomplished as follows:

☒ By certified mail addressed to a specifically named officer of the Affected Lien Holder under Rule 7004(h);

☐ Upon an individual under Rule 7004(b)(1);

☐ Upon a domestic or foreign corporation or upon a partnership or other unincorporated association under Rule 7004(b)(3);

☐ Other: _____

2. The Motion was:    ☒ Unopposed    ☐ Opposed    ☐ Settled by Stipulation

3. The Property is valued at no more than $_____375,000.00_____;

4. The total balance owing on the deeds of trust, mortgages or other liens encumbering the Property which are senior in priority to the Affected Lien is $_____399,884.71_____, which exceeds the value of the Property and the

CSD 1171.2

*Signed by Judge James W. Meyers November 08, 2011*

CSD 1171.2 (04/06/11)(Page 3)
ORDER GRANTING DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID JUNIOR LIEN OF _____Wells Fargo Bank, N.A._____
DEBTOR: _____DUKE MINH LE and BARBARA DUNG TRIEU LE_____
CASE NO: 11-10962-LA13

Affected Lien is wholly unsecured.

Therefore, the Claim may be satisfied through the Plan as an unsecured claim pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2);

IT IS ORDERED THAT:

1. The Claim will be paid pursuant to the Plan as a non-priority general unsecured claim to the extent allowed. If Affected Lien Holder has not filed a proof of claim, and the deadline to file unsecured claims has expired, Affected Lien Holder has an extension of the deadline until 60 days after the date of entry of this Order;

2. Upon completion of payments under the confirmed Plan and entry of the resulting discharge, the Affected Lien will be deemed fully satisfied, and Affected Lienholder is required to reconvey and release the Affected Lien. If the Affected Lien Holder fails to release the Affected Lien within the time required by applicable state law, the Debtor may file a motion requesting an order to extinguish the Affected Lien;

3. If this case is dismissed or converted to Chapter 7, the Affected Lien Holder shall retain its lien for the full amount due under the corresponding note;

4. That Debtor's counsel is authorized to add, in connection with Plan Confirmation, the guideline fee as reflected in the Rights and Responsibilities Statement for motions of this type and costs subject to proof. This determination is without prejudice to Debtor's counsel's right to seek additional fees through fee application.

5. Additional provisions:
   None.

CSD 1171.2

*Signed by Judge James W. Meyers November 08, 2011*